IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | 1:25CR123-1 |
| v. | : | |
| | : | |
| DANDRE ANTONIO DONEL | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Randall S. Galyon, Acting United States Attorney for the Middle District of North Carolina, and the defendant, DANDRE ANTONIO DONEL, in his own person and through his attorney, Lisa S. Costner, and state as follows:

1. The defendant, DANDRE ANTONIO DONEL, is presently under Indictment in case number 1:25CR123-1, which charges him in Count One with a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C), conspiracy to distribute a quantity of hydrocodone-chlorpheniramine; which charges him in Counts Two, Three, Four, Five, and Six with violations of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), possession with intent to distribute quantities of hydrocodone-chlorpheniramine; and which charges him in Counts Seven and Eight with a violation of Title 21, United States Code, Section 843(a)(3) and (d)(1), knowingly and intentionally acquiring a controlled substance by misrepresentation, fraud, forgery, and deception.

2. The defendant, DANDRE ANTONIO DONEL, will enter a voluntary plea of guilty to Count One of the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, DANDRE ANTONIO DONEL, understands that the maximum term of imprisonment provided by law for Count One of the Indictment herein is not more than twenty years, and the maximum fine for Count One of the Indictment herein is $1,000,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, DANDRE ANTONIO DONEL, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least three years in addition to such term of imprisonment.

    b. The defendant, DANDRE ANTONIO DONEL, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth

2

above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

    c.    The defendant, DANDRE ANTONIO DONEL, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, DANDRE ANTONIO DONEL, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, DANDRE ANTONIO DONEL, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

    3.    By voluntarily pleading guilty to Count One of the Indictment herein, the defendant, DANDRE ANTONIO DONEL, knowingly waives and

gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, DANDRE ANTONIO DONEL, is going to plead guilty to Count One of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, DANDRE ANTONIO DONEL, to Count One of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the remaining counts of the Indictment as to the defendant, DANDRE ANTONIO DONEL. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. It is understood that if the Court determines at the time of sentencing that the defendant, DANDRE ANTONIO DONEL, qualifies for a 2-level decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the

4

offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

    c.    The defendant, DANDRE ANTONIO DONEL, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, DANDRE ANTONIO DONEL, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

    d.    The defendant, DANDRE ANTONIO DONEL, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    e.    Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The

5

Case 1:25-cr-00123-UA    Document 13    Filed 06/12/25    Page 5 of 11

defendant, DANDRE ANTONIO DONEL, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, DANDRE ANTONIO DONEL, pleads guilty and later seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

6. With regard to forfeiture, the United States and the defendant, DANDRE ANTONIO DONEL, agree as follows:

a. The defendant, DANDRE ANTONIO DONEL, knowingly and voluntarily consents and agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the alleged offense. The property to be forfeited includes, but is not limited to, a money judgment in the amount of $248,000.00, in that such sum equals the total amount subject to forfeiture as a result of the offense alleged in Count One of the Indictment.

6

b. The defendant agrees to identify all assets over which he exercise or exercised control, directly or indirectly, within the past six years, or in which he has or had during that time any financial interest.

c. The defendant agrees to take all steps as requested by the government to pass clear title of any assets subject to forfeiture to the United States, including but not limited to surrender of title and execution of documents necessary to transfer his interest in such property. The defendant further agrees to take necessary steps to ensure that assets which may be subject to forfeiture, including substitute assets, are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture, and to testify truthfully in any judicial forfeiture proceeding.

d. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant withdraws any claim submitted in a previous administrative forfeiture and waives all timing requirements applicable to the administrative forfeiture process, including but not limited to the deadline for sending notice of administrative forfeiture. The defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a)

regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

  e. The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

  f. The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that

8

determination shall be binding upon his heirs, successors and until the forfeiture, including any money judgment amount, is collected in full.

g. The defendant agrees and understands that the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of any property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon him in addition to the forfeiture.

7. The defendant, DANDRE ANTONIO DONEL, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. The defendant, DANDRE ANTONIO DONEL, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

9. It is further understood that the United States and the defendant, DANDRE ANTONIO DONEL, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

10. The defendant, DANDRE ANTONIO DONEL, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

11. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set

forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This, the 12th day of June, 2025.

RANDALL S. GALYON
Acting United States Attorney

LISA S. COSTNER
Attorney for Defendant

REBECCA A. MAYER
TXSB #24092376
Assistant United States Attorney
101 S. Edgeworth St., 4th Fl.
Greensboro, NC 27401
336/333-5351

DANDRE ANTONIO DONEL
Defendant

/S/ JGM

11

Case 1:25-cr-00123-UA    Document 13    Filed 06/12/25    Page 11 of 11